UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>BRIAN CATES, Warden,<br><br>Respondent. | Case No. 2:22-cv-08112-PA-KES<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. 1), the other records on file herein, and the Report and Recommendation of the U.S. Magistrate Judge (Dkt. 13). Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections (Dkt. 17) have been made. The Court accepts the report, findings, and recommendations of the Magistrate Judge. However, for the reasons that follow, the Court clarifies the Report and Recommendation's finding (see Dkt. 13 at 19-21) that Petitioner's right to counsel under Massiah v. United States, 377 U.S. 201 (1964) was not violated because the informants questioned Petitioner before the initiation of formal adversarial proceedings against him.

First, the Report and Recommendation states that the informants questioned

1  Petitioner on June 16, 2014.  (Dkt. 13 at 20).  Rather, the record reflects that
2  Petitioner was arrested and questioned by the informants on January 16, 2014.
3  (Volume 5 Reporter's Transcript at 1842-43; Volume 5 Reporter's Transcript at
4  2244).
5         Second, the Report and Recommendation finds that the questioning did not
6  violate Massiah because it took place before the initiation of adversarial
7  proceedings against Petitioner through the commencement of the preliminary
8  hearing on April 9, 2015.  (Dkt. 13 at 20).  However, for purposes of the
9  attachment of the right to counsel under Massiah, in California, the filing of a
10 criminal complaint "solidifies the adverse position between the prosecutor and the
11 defendant and marks the commencement of the prosecutorial, as distinct from
12 investigative, phase of the criminal justice process." People v. Viray, 134 Cal.
13 App. 4th 1186, 1205 (2005).  Accordingly, Petitioner's right to counsel for
14 purposes of Massiah attached on the date the criminal complaint was filed against
15 him, not the date his preliminary hearing commenced.  Although the Clerk's
16 Transcript lodged with the Court does not contain records of any court actions
17 occurring before the preliminary hearing, the Los Angeles County Superior Court's
18 online case information shows that Petitioner was arraigned on the criminal
19 complaint on January 21, 2014, five days after he was questioned by the
20 informants.[1]  Accordingly, Petitioner's right to counsel for purposes of Massiah
21 had not attached at the time of the questioning and federal habeas relief is not
22 warranted.

---

[1] See https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx, case number POMKA104376-01.  The Court takes judicial notice of the superior court's records.  Fed. R. Evid. 201(b)(2); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition and dismissing with prejudice this action.

DATED:  May 4, 2023

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE